[No. 7616.   Decided March 1, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Great Northern Railway Company, Appellant,* v. RAILROAD COMMISSION OF WASHINGTON *et al., Respondents.*[1]

CARRIERS — REGULATION — FREIGHT RATES — POWER OF RAILROAD COMMISSION—MAXIMUM RATES—EFFECT—STATUTES — REPEAL — CONSTRUCTION. The constitutional provision requiring the legislature to establish reasonable maximum transportation rates, does not prevent the delegation of such power to a railroad commission, since it further provides that the legislature may establish a railroad and transportation commission and define its powers; hence it does not prevent the establishment of a regulative commission with power to fix maximum rates in conflict with the maximum rate laws, and Laws 1907, providing such a commission, impliedly repeals former maximum rate laws of the state, upon the taking effect of conflicting rates established by the commission.

[1]Reported in.100 Pac. 184.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered March 19, 1908, affirming, on certiorari, rulings of the state railroad commission, fixing certain joint freight rates, after a hearing before the court. Affirmed.

*L. C. Gilman* (*B. S. Grosscup*, of counsel), for appellant.

*John D. Atkinson, Attorney General*, and *J. B. Alexander, Assistant* (*Harold Preston*, of counsel), for respondents.

DUNBAR, J.—On the 17th day of May, 1907, a complaint was filed by the railroad commission of Washington against this appellant, the Great Northern Railway Company, and other railroad companies doing business in the state of Washington, viz.: the Northern Pacific Railway Company, the Oregon Railroad & Navigation Company, the Washington and Columbia River Railroad Company, the Spokane Falls & Northern Railway Company, and the Spokane & Inland Railroad Company. The complaint charged that the said companies had refused to fix joint rates from points in Eastern Washington to Puget Sound seaports. Citation was issued. The companies all appeared and answered. Testimony was taken before the commission, and on the 20th day of September, 1907, the commission made an order whereby, among other things, there were established joint rates on wheat from points on the line of the Oregon Railroad & Navigation Company over the lines of said company and the lines of the Great Northern Railway Company to Seattle, and joint rates on wheat from points on the main line of the Great Northern over said line and the lines of the Northern Pacific Railway Company to Tacoma. From this order the Great Northern Railway Company sued out a petition for a writ of review.

The writ was issued, and pursuant thereto the proceeding before the commission was certified to the superior court of Thurston county, and the cause assigned for hearing. Prior to the hearing of the cause, the Great Northern Railway

Company made a motion for leave to take evidence before the court to supplement its evidence introduced before the commission. This motion was denied by the court and exception taken. The court, in short, affirmed the rulings of the commission, and an appeal is taken to this court from the judgment of the superior court.

The main proposition discussed by the appellant in this case, viz., that the law is unconstitutional for the reason that no right is given the appellant under the provisions of the commission act to have the matters in dispute determined by a court of justice, was fully discussed in a case just decided by this court, viz., *State ex rel. Oregon R. & Nav. Co v. Railroad Commission, ante* p. 17, 100 Pac. 179, and the constitutionality of the law was there sustained.

The appellant, however, makes the further contention that the order made by the commission and confirmed by the lower court was invalid in that it was in conflict with the maximum rate acts passed by the legislature in 1893 and 1897, the contention being that these statutes fixed the rates for transportation of wheat and that the rates so fixed, until otherwise decided by the courts, must be deemed reasonable and just rates. The commission act was passed subsequently to either of the acts referred to, but during the same session that the rate act of 1907 was passed. Very little argument is presented by counsel in favor of this contention, and no authorities are cited excepting the opinion of Judge Hanford, of the United States Circuit Court for this District. This opinion of Judge Hanford seems to be based upon a provision of the state constitution, viz., § 18 of art. 12, which provides that

"The legislature shall pass laws establishing reasonable maximum rates of charges for the transportation of passengers and freight, and to correct abuses and prevent discrimination and extortion in the rates of freight and passenger tariffs on the different railroads and other common carriers in the state, and shall enforce such laws by adequate penalties. A railroad and transportation commission may be established and its powers and duties fully defined by law."

If we accept the first proposition laid down by appellant in its brief as being definitely established as the law of the land, viz., that the legislative authority may, either directly or indirectly through the agency of a commission, fix the rates of transportation to be charged by common carriers, provided always that the rates thus fixed are reasonable, there seems to be no possible logical reason by which this contention of appellant can be sustained. Nor can we exactly understand what effect the provisions of the constitution which the learned Judge of the Circuit Court for this District seemed to consider as controlling have; for if the legislature had power—which is now considered to be unquestionably the law—to establish reasonable maximum rates of charges for the transportation of passengers and freight without constitutional authority, the fact that the constitution imposed the duty of so establishing such rates could not possibly be construed as taking away any right that the legislature had to delegate such power. So that it becomes a question altogether of the construction of the act of the legislature, and the duty of the court is to ascertain the legislative intent. While it is true that the former acts have not been specifically repealed, and while it is also unquestionable that repeals by implication are not favored, it is as well established that, where there is a conflict between a statute and a subsequent statute, the subsequent statute, being the later expression of the legislative will upon the subject, must be considered in force and to operate as a repeal by implication of all prior acts or parts of acts in conflict therewith. This question was discussed in *State v. Rogers*, 22 Ore. 348, 30 Pac. 74, an Oregon case, and the court announced the law as we have stated above, citing *Little v. Cogswell*, 20 Ore. 345, 25 Pac. 727, and *United States v. Tynen*, 11 Wall. 88, 20 L. Ed. 153.

If the constitution is to be submitted to construction, it is significant that, in connection with the constitutional mandate which is relied upon to prevent the delegation of power to

fix rates, and at the end of the same section, the provision is made that a railroad and transportation commission may be established and its powers and duties fully defined by law. In consideration of the fact that it is common knowledge that the regulation of rates is about the first practical duty which devolves upon a railroad commission, there is scarcely room for the contention that the framers of the constitution intended to prevent the legislature from clothing the railroad commission with power to exercise this usual duty. It has been well established that, if a state constitution is silent upon a subject, the legislature of the state has power to establish a railroad commission with power to establish a schedule of rates for railroads, and the provision of our constitution was merely declaratory of the power of state regulation.

This whole question was discussed at length in *Chicago etc. R. Co. v. Jones*, 149 Ill. 361, 37 N. E. 347, 41 Am. St. 278, 24 L. R. A. 141. There the court decided, under a constitutional provision similar to ours, that a railroad and transportation commission could be established and its powers and duties defined by law. The reason given in many of the cases for the legislative establishment of a commission of this character is that rates established by a commission are more flexible than those established by the legislature; that railroad rate conditions change rapidly and radically; and that rates established by one session of the legislature, long before another session convened, might be oppressive, either to the carriers or to the shippers; and that, as long as the rates established by the commission were reasonable rates, which question might finally be determined judicially, there was no invasion of constitutional rights. From a reading of the commission act of 1907, it plainly appears to us that it was the intention of the legislature that the act empowering the commission to regulate rates worked a repeal of the rates established, or that the repeal would become effective upon the action of the commis-

sion establishing rates which were in conflict with the rates theretofore established by the legislature.

Finding no error in the record, the judgment is affirmed.

RUDKIN, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.

CHADWICK and GOSE, JJ., took no part.