IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re Post-Sentence Review of: | ) | No. 31622-0-III |
| | ) | |
| GABRIEL LEE BERCIER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent, | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Petitioner. | ) | |

BROWN, J. – The Department of Corrections petitions under RCW 9.94A.585(7) for review of an amended order revoking Gabriel Lee Bercier's residential treatment-based DOSA[1] sentence and imposing a standard range prison sentence without credit for community custody time served. Because RCW 9.94A.660(7)(d)'s plain language provides credit for "any time previously served under this section," including community custody served in the form of a residential treatment-based DOSA sentence, we grant

_____

[1] The drug offender sentencing alternative is an either prison-based or residential treatment-based alternative sentence available for drug offenders in some cases. See RCW 9.94A.660, .662, .664.

the department's post-sentence review petition.

## FACTS

In June 2012, Mr. Bercier pleaded guilty to methamphetamine possession. The sentencing court imposed 24 months' community custody in the form of a residential treatment-based DOSA sentence. In January 2013, after he failed to comply with residential treatment, the sentencing court issued an order revoking his DOSA sentence and imposing a standard range prison sentence under RCW 9.94A.660(7)(c). The order included a notation prohibiting Mr. Bercier from receiving credit for community custody time served. Without success, the department contacted the court and parties seeking an amended order striking this notation. In April 2013, the sentencing court issued an amended order retaining the notation while adding a post-revocation community custody term.

The department petitioned this court for post-sentence review under RCW 9.94A.585(7). This court requested supplemental briefing on the applicability of *In re Post-Sentence Review of Combs*, 176 Wn. App. 112, 308 P.3d 763 (2013). After considering the supplemental briefing we decide the department's petition on statutory interpretation grounds.

## ANALYSIS

The issue is whether the sentencing court erred by prohibiting Mr. Bercier from receiving credit for community custody time served. The department contends the sentencing court erred by disregarding RCW 9.94A.660(7)(d)'s plain language providing credit for "any time previously served under this section," including community custody

2

served in the form of a residential treatment-based DOSA sentence.[2] Mr. Bercier agrees. The State disagrees, construing subsection (7)(d) as providing credit solely for jail or prison time served.

Upon the department's post-sentence review petition, we review the sentencing court's decision solely for legal error. RCW 9.94A.585(7); RAP 16.18(a). Statutory interpretation is a legal issue we examine de novo. *Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 582 n.15, 790 P.2d 124 (1990). When interpreting a statute, we must "discern and implement" our legislature's intent. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003); *see State ex rel. Great N. Ry. v. R.R. Comm'n of Wash.*, 52 Wash. 33, 36, 100 P. 184 (1909). If the statute's meaning is plain, we must effectuate it as an expression of our legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002); *Walker v. City of Spokane*, 62 Wash. 312, 318, 113 P. 775 (1911).

If an offender qualifies, the sentencing court may impose community custody in the form of a residential treatment-based DOSA sentence. *See* RCW 9.94A.660, .664. If an offender violates DOSA conditions or requirements, the sentencing court "may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the period of community custody." RCW 9.94A.660(7)(c). Where the sentencing court chooses to impose a standard range

---

[2] In hindsight, the department might have avoided this dispute by construing Mr. Bercier's residential treatment-based DOSA sentence as total confinement. *See* RCW 9.94A.030(51) (defining total confinement as "confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day").

3

prison sentence under subsection (7)(c), the offender "shall receive credit for any time previously served under this section." RCW 9.94A.660(7)(d). We agree with the department that RCW 9.94A.660(7)(d)'s plain language provides credit for community custody served in the form of a residential treatment-based DOSA sentence. The sentencing court erred by prohibiting Mr. Bercier from receiving credit for community custody time served.

Additionally, Mr. Bercier argues the sentencing court lacked statutory authority to revoke his DOSA sentence and impose a post-revocation community custody term. The department did not raise this issue in its petition. An offender may not raise a new issue in response to a post-sentence review petition; instead, the offender must raise the new issue in a collateral attack, if at all. *In re Post-Sentence Review of Wandell*, ___ Wn. App. ___, 311 P.3d 28, 31 (2013). Therefore, we do not reach Mr. Bercier's additional argument.

Finally, the department moves to supplement the record with exhibits documenting how it would assign Mr. Bercier credit for DOSA sentence time served. Even without the exhibits, the record is sufficiently complete for us to decide the department's petition on its merits. *See* RAP 9.10, 16.18(d). Therefore, we deny the department's motion.

Motion to supplement record denied. Post-sentence review petition granted.

4

No. 31622-0-III
*In re Post-Sentence Review of Bercier*

Remanded with instructions to provide Mr. Bercier credit for community custody served in the form of a residential treatment-based DOSA sentence.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Kulik, J.

5