

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36271-0-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 36272-8-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BRIAN CHARLES HUGHES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Brian Hughes appeals his sentences for two counts of unlawful possession of a controlled substance and one count of identity theft. He makes two assignments of error: First, Mr. Hughes claims the trial court erroneously imposed de facto consecutive sentences; second, he asserts the trial court's legal financial obligation (LFO) orders fail to comport with recent statutory changes. The first issue is moot and therefore not amenable to an appellate remedy. With respect to the second issue, we remand with instructions to strike only the nonrestitution interest provisions from each judgment and sentence under review in this consolidated appeal.

BACKGROUND

In two separate proceedings, Brian Hughes pleaded guilty to two counts of possession of a controlled substance (methamphetamine) and one count of first degree identity theft. His pleas were pursuant to a plea agreement, whereby the State agreed to dismiss several additional counts and recommend a residential drug offender sentencing alternative (DOSA).

The trial court accepted Mr. Hughes's guilty pleas and ordered the Department of Corrections (DOC) to screen Mr. Hughes for a residential DOSA. The DOC determined Mr. Hughes would be a good candidate for a residential DOSA. However, because the standard ranges for Mr. Hughes's methamphetamine convictions did not exceed one year, the DOC claimed Mr. Hughes was only eligible for a DOSA with respect to his identity theft conviction, which carried a standard range of 15-20 months.

At sentencing, Mr. Hughes requested an exceptional sentence downward such that he would be given credit for time served on the methamphetamine convictions and begin serving his residential DOSA immediately. The State disagreed with this approach. It claimed time served for a residential DOSA did not qualify for credit or constitute incarceration or confinement. The State recommended the court impose six-month concurrent sentences, with credit for time served, for the methamphetamine convictions

and then the residential DOSA sentence for the identity theft conviction. The trial court accepted the State's recommendation. It also imposed a $200 criminal filing fee in each of Mr. Hughes's cases.

The net effect of the trial court's sentencing decision was that Mr. Hughes spent approximately 70 days in custody on the methamphetamine convictions before being released into inpatient treatment for his residential DOSA sentence.

Mr. Hughes filed timely notices of appeal of his sentences. Since the time of sentencing, Mr. Hughes finished both his jail time and residential treatment. He is now serving a 24-month term of community custody.

## ANALYSIS

*De facto consecutive sentences*

As the parties agree, Mr. Hughes's sentences were implemented in an illegal manner. Mr. Hughes was sentenced for multiple felony counts during the same proceeding. Under the circumstances of his case, the trial court was required to impose concurrent sentences. RCW 9.94A.589(1)(a). Because time spent on a residential DOSA is equivalent to jail or prison time, *see* RCW 9.94A.030(53) and *In re Postsentence Review of Bercier*, 178 Wn. App. 148, 150-51, 313 P.3d 491 (2013), imposition of current sentences meant Mr. Hughes should have been released to treatment immediately

3

following sentencing. By delaying release into treatment until after expiration of the non-DOSA-eligible counts, the trial court subjected Mr. Hughes to impermissible de facto consecutive terms. *See State v. Smith*, 142 Wn. App. 122, 127-29, 173 P.3d 973 (2007).[1]

While the parties agree Mr. Hughes's sentences were implemented in an illegal manner, they disagree as to whether he is eligible for relief on appeal. The State claims that because Mr. Hughes has finished his jail time and successfully completed residential treatment, we cannot provide effective relief on appeal and the trial court's error is moot. Mr. Hughes counters the issue is not moot because he may be at risk of not receiving credit for time served if his DOSA is revoked in the future. He further argues there is a continuing and substantial public interest in resolving the merits of appeal.

We would be sympathetic to Mr. Hughes's position if there were something in the written record that required correction. But Mr. Hughes's judgments and warrants of commitment state the sentences for all three counts of conviction are to run concurrently. There is, therefore, nothing we can order on remand. While it is possible the issue of credit could arise in the future, the current record is already sufficient to permit Mr.

---

[1] In addition, the trial court's disposition was inconsistent with our recent decision in *In re Postsentence Review of Hardy*, 9 Wn. App. 2d 44, 442 P.3d 14 (2019). Because Mr. Hughes was eligible for a DOSA sentence, his sentence should not have been divided up according to DOSA-eligible and DOSA-ineligible counts. Instead, he should have received one sentence and custody credit for residential treatment time.

Hughes to accurately seek credit for time served. Finally, our decisions in *Bercier* and

*Hardy* adequately address any public interest in the merits of Mr. Hughes's DOSA

arguments.

*LFOs*

Citing 2018 amendments to Washington's LFO laws[2] and *State v. Ramirez*, 191

Wn.2d 732, 426 P.3d 714 (2018), Mr. Hughes argues the trial court improperly imposed

the $200 criminal filing fees based on his indigence. *See* RCW 36.18.020(2)(h). Under

the terms of the LFO amendments, a $200 criminal filing fee "shall not be imposed on a

defendant who is indigent as defined in RCW 10.101.010(3)(a) through (c)." *Id*.

We decline to reach the filing fee issue because it was not preserved. RAP 2.5(a).

Mr. Hughes was sentenced over a month after the effective date of the 2018 LFO

amendments. Yet he did not object to the trial court's imposition of the filing fees.

The record on appeal does not clarify whether Mr. Hughes was indigent at the time of

sentencing as defined by RCW 10.101.010(3)(c). This issue was not adequately preserved

for review.[3]

---

[2] LAWS OF 2018, ch. 269.
[3] Because Mr. Hughes has not established discretionary LFOs should be waived on the basis of indigence, we do not address his claim that the court cannot assess collection costs under RCW 36.18.190. We note this statute was not included in the 2018 LFO amendments.

5

Mr. Hughes also objects to language in each judgment and sentence requiring collection of interest on LFOs. Washington's new LFO law provides that, as of June 7, 2018, interest shall not accrue on nonrestitution LFOs. RCW 10.82.090. Given this new provision, it is unclear whether the trial court's judgments actually require collection of interest in Mr. Hughes's cases. Nevertheless, to eliminate the possibility of confusion, we remand for the limited purpose of striking the provisions in Mr. Hughes's judgments imposing interest on nonrestitution LFOs.

## CONCLUSION

We remand with instructions to strike the provisions in each judgment and sentence imposing interest on nonrestitution LFOs. Having determined Mr. Hughes's challenge to imposition of his sentences is moot, the matter is otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Fearing, J.

6