IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35451-2-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 35799-6-III) |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY EUGENE SMALL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| In re the Personal Restraint of | ) | |
| | ) | |
| KELLY EUGENE SMALL, | ) | |
| | ) | |
| Petitioner. | ) | |

LAWRENCE-BERREY, C.J. — Kelly Small appeals his modified sentence. He

argues the resentencing court erred by increasing his burglary sentence based on the

sexual motivation aggravator, contrary to our mandate. We disagree.

He also argues the resentencing court was collaterally estopped from increasing his

burglary sentence based on the presence of the victim in the residence aggravator. We

agree. We nevertheless affirm, because a majority of the panel believes that the

resentencing court clearly would have imposed the same sentence had it considered only

the sexual motivation aggravator.

## FACTS

Kelly Small was convicted of rape in the first degree (count 2), burglary in the first degree (count 3), and forgery (count 4). The convictions arise out of conduct that occurred in February 2006. With respect to the burglary, the jury found two aggravating factors beyond a reasonable doubt: (1) that the victim was present in the residence when the crime of burglary was committed, and (2) that the defendant committed the burglary with sexual motivation.

For the rape conviction, the original sentencing court imposed a sentence of 236 months' confinement, plus 60 months for the aggravating factor of deliberate cruelty, plus another 60 months for the aggravating factor of particular vulnerability of the victim.

For the burglary conviction, the court imposed a sentence of 89 months' confinement plus a 24 month sexual motivation enhancement. The court imposed the sexual motivation enhancement because of RCW 9.94A.533(8)(a). For class A felony convictions committed with sexual motivation, RCW 9.94A.533(8)(a) mandates 24 months added to the total period of confinement.

Notably, the court did not impose any additional time for the aggravating factor of the victim's presence in the residence. The court explained:

> The Court did not impose an additional sentence for the aggravating
> circumstances that the victim was present in the building [for count 3].
> I felt that that was included in burg one, and in rape one.

Report of Proceedings (Oct. 5, 2012) at 2822-23.

> In its written conclusions of law, the court reiterated:

> 5.      The Court imposes no additional sentence regarding the jury's
> finding that the victim of the burglary was present in the building or
> residence when the crime was committed . . . .

Clerk's Papers (CP) at 74.

For the forgery conviction, the court imposed 12 months of confinement.  The

sentencing court ran the burglary and forgery sentences concurrent with the 356 month

rape sentence, and then added the 24 month mandatory sexual motivation enhancement.

The total sentence was 380 months of confinement.

In an unpublished decision, this court remanded for resentencing on the burglary

count.  *State v. Small*, No. 31185-6-III, slip op. at 15 (Wash. Ct. App. Mar. 7, 2017)

(unpublished), http://www.courts.wa.gov/opinions/pdf/311856_unp.pdf.  We recite the

relevant portion of the decision:

> Mr. Small next argues the trial court erred when it added 24 months
> to his total period of confinement under RCW 9.94A.533(8) because the
> statute authorizes (and mandates) additional time where there is a finding of
> sexual motivation only "for felony crimes committed on or after July 1,
> 2006."  The burglary of Ms. Murphy's home, alleged and found to be
> sexually motivated, occurred in February 2006.

3

The State concedes that the mandatory 24-month addition to the sentence was not authorized given the date of the crime, but points out that the State had also asked the court to impose an exceptional sentence in light of the jury's finding of sexual motivation for the burglary. Because an addition to the sentence would be authorized as an exceptional sentence under RCW 9.94A.535(3)(f), the State argues that the erroneous reliance on RCW 9.94A.533(8) was harmless. It argues that remand "is necessary only if it is not clear whether [the] trial court would have imposed the same sentence based on valid factors alone" and contends that in this case, "the court's intent to impose [an] exceptional sentence[ was] clear." Br. of Resp't at 35-36 (citing *State v. Smith*, 82 Wn. App. 153, 161, 916 P.2d 960 (1996)).

It is not clear to us that the court would have imposed a discretionary exceptional sentence based on the sexual motivation finding. The court did not increase Mr. Small's sentence at all based on one of the aggravating circumstance found by the jury (that Ms. Murphy was in her home at the time of the burglary), and in orally announcing its sentencing decision, it thrice characterized the 24-month increase for the sexual motivation finding as mandatory, not discretionary. *See* RP at 2817-18 ("The Court is also required to add," "There's a 24-month required for," and, "The Court is also required to impose an additional sentence, under 9.94A.533(8) because of sexual motivation involved in the burglary.").

We find no indication that the trial court would have imposed an exceptional sentence for the burglary count[8] had it realized that the addition of 24 months presently required by RCW 9.94A.533(8) did not apply. We remand for resentencing on the burglary count.

_____

[8] The trial court would have to impose 267 additional months for the burglary conviction to reach the same sentence of 380 months, since it ran the burglary sentence concurrently.

*Id.* at 14-15.

4

The original trial judge retired, so a different judge presided over the resentencing.

The resentencing court entered the following findings of fact:

- On Count 3, the jury found two aggravating factors beyond a reasonable doubt: that the victim was present in the residence when the crime of burglary was committed, and that the defendant committed the burglary with sexual motivation.
- That each finding is a separate basis for an exceptional sentence.
- The original sentencing on Count 3 was supported by the aggravating factors, and it appears the imposition of 24 months was based on those factors and not on RCW 9.94A.533(a).[1]
- The Court now finds that both aggravating factors found by the jury on Count 3 support an exceptional sentence of 24 months consecutive. In addition, the standard range sentence at the high end of sentencing range based on an offender score of 7.
- That pursuant to RCW 9.94A.535, the Court now imposes an exceptional sentence on Count 3.
- That the Court's sentence is based on the aggravating factors, and is not based on any mandatory sentencing provision in RCW 9.94A.533(a)[sic].

CP at 8-9.

The court then ordered the original sentence to be modified so that the 24

month aggravated sentence ran consecutive to the 89 month burglary sentence and

the 356 month rape sentence, for a total confinement of 380 months.[2]

---

[1] The resentencing court meant RCW 9.94A.533(8)(a).

[2] The sentence is a hybrid sentence under RCW 9.94A.589 and is possibly improper. *See In re Pers. Restraint of Green*, 170 Wn. App. 328, 337-39, 283 P.3d 606 (2012) (persuasively arguing that a hybrid sentence under any subsection of RCW 9.94A.589 is improper) (Johanson, A.C.J., dissenting). But Mr. Small did not raise

Mr. Small appeals his resentence.

## ANALYSIS

A.    THE RESENTENCING COURT WAS NOT PRECLUDED FROM IMPOSING AN
EXCEPTIONAL SENTENCE BASED ON THE SEXUAL MOTIVATION AGGRAVATOR

Mr. Small argues that the trial court exceeded its authority and imposed an

exceptional sentence based on the sexual motivation aggravator, contrary to our mandate.

We disagree.

"The trial court's discretion to resentence on remand is limited by the scope of the

appellate court's mandate." *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).

This court's mandate did not instruct the trial court to strike the exceptional sentence.

*Small*, No. 31185-6-III, slip. op. at 14-15. Instead, the sentencing record was unclear

whether the trial court would have imposed an exceptional sentence based on an

appropriate basis, RCW 9.94A.535(3)(f). For this reason, we remanded.

---

this issue. Had he raised it and prevailed, the remedy would have been to remand with
instructions for the resentencing court to make the entire burglary sentence and
aggravator concurrent, *or* the entire burglary sentence and aggravator consecutive. *See*
*State v. Grayson*, 130 Wn. App. 782, 786, 125 P.3d 169 (2005).

B.     THE RESENTENCING COURT WAS COLLATERALLY ESTOPPED FROM IMPOSING AN EXCEPTIONAL SENTENCE BASED ON THE PRESENCE OF THE VICTIM IN THE RESIDENCE AGGRAVATOR

Mr. Small contends that the resentencing court was collaterally estopped from imposing an exceptional sentence based on the presence of the victim in the residence aggravator. We agree.

The doctrine of collateral estoppel is embodied in the Fifth Amendment to the United States Constitution's guaranty against double jeopardy. *State v. Tili*, 148 Wn.2d 350, 360, 60 P.3d 1192 (2003). Also known as issue preclusion, the doctrine prohibits the relitigation of an issue of ultimate fact between the same parties that has previously been determined by a valid and final judgment. *Id.* (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970)). Collateral estoppel applies to criminal cases. *Id.*

Upon remand for resentencing, the court may not impose an exceptional sentence based on aggravating factors that were considered at the time of the original sentencing and rejected as a basis for an exceptional sentence. *State v. Collicott*, 118 Wn.2d 649, 661, 827 P.2d 263 (1992) (plurality opinion). In *Collicott*, the original sentencing court rejected the State's request to impose an exceptional sentence for the defendant's crime of rape and kidnapping based on deliberate cruelty to the victim. The Washington Supreme

7

Court held that upon resentencing, the trial court was estopped from imposing an exceptional sentence on the State's repeat assertion that deliberate cruelty to the victim justified an exceptional sentence. *Id.*

The State contends that *Collicott* was called into question by *Tili* because the case did not command a majority. The *Tili* court held that *Collicott*'s discussion of collateral estoppel was not mandatory authority for this reason, but explicitly decided not to overrule *Collicott*. The *Tili* court instead distinguished *Collicott* on the facts. *Tili*, 148 Wn.2d at 363-64.

In *Tili*, the defendant was originally sentenced to 417 months for three separate counts of rape for three separate acts of penetration, resulting in consecutive sentences. *Id.* at 356-57, 362. The original sentencing court did not impose an exceptional sentence, but noted that if the three rapes were considered the same criminal conduct on appeal, then the court would have imposed an exceptional sentence upward. *Id.* at 357. The Court of Appeals remanded for resentencing, holding that the rapes constituted the same criminal conduct. *Id.* At resentencing, the court sentenced the defendant to 417 months—this time by imposing an exceptional sentence based on deliberate cruelty, vulnerability of the victim, and the multiple penetrations. *Id.*

8

After the second appeal, the Washington Supreme Court held that collateral estoppel did not prevent an exceptional sentence in Tili's case because the court that resentenced Tili was faced with a different sentencing context. *Id.* at 362. In the first sentencing, the court had to determine whether an exceptional sentence was warranted even though the court had already imposed three consecutive rape sentences. *Id.* at 362-63. In resentencing, the standard range sentence was significantly lower because the rape convictions were considered the same criminal conduct and, therefore, not subject to consecutive sentences. *Id.* at 363. Whether the crime warranted an exceptional sentence above the much lower standard range posed a different issue to the trial court. *Id.* Hence, the issue decided in the first sentencing was not identical to that decided in the second. *Id.*

Here, the original sentencing court explicitly determined it would not impose an exceptional sentence based on the victim's presence in the building because it believed that the aggravating circumstance was already included in the first degree burglary and first degree rape sentences. The State did not appeal this issue. Yet, the State asked the resentencing court to rely on this same aggravating circumstance to justify, in part, an exceptional burglary sentence. The trial court erred in doing so.

But as noted in our previous opinion, remand is necessary only if it is not clear

whether the trial court would have imposed the same sentence based on the valid factor

alone. *Smith*, 82 Wn. App. at 161. Here, a majority of the panel believes that the

resentencing court clearly would have imposed the same sentence had it considered only

one aggravator, the sexual motivation aggravator. Resentencing, therefore, is not

required.

PERSONAL RESTRAINT PETITION (PRP)

Mr. Small filed a PRP on January 17, 2018. He raises four distinct arguments that

we reject.

In a PRP, the burden of proof shifts from the State to the petitioner. *In re Pers.

Restraint of Hagler*, 97 Wn.2d 818, 819, 650 P.2d 1103 (1982). Whether the challenge is

based on constitutional or nonconstitutional error, a petitioner must support a PRP with

facts or evidence on which claims of unlawful restraint are based and not rely solely on

conclusory allegations. *In re Pers. Restraint of Spencer*, 152 Wn. App. 698, 706, 218

P.3d 924 (2009).

"[A] PRP may not renew an issue raised and rejected on direct appeal unless the

interests of justice require relitigation of that issue." *Id.* A petitioner is permitted to

challenge errors of constitutional magnitude that result in "actual and substantial

prejudice" and nonconstitutional errors that "constitute a fundamental defect and inherently result in a complete miscarriage of justice." *Id.*

*First PRP argument: Calculation of offender score*

Mr. Small first contends that the sentencing court improperly calculated his offender score by including in his score convictions from the "Bauer case," Okanogan Superior Court Case No. 12-1-00265-5. The court severed the Bauer case from the present trial. He argues this would have reduced his score from 13 points to 4 points.

At sentencing, the State argued that the offenses in the Bauer case should be counted as other current offenses. Mr. Small requested that the two cases—the Bauer case and the present case—be sentenced together. The State responded that Mr. Small does not have a right to be sentenced under both trials together once they were severed. The court agreed with the State and proceeded with sentencing only on the present charges.

Mr. Small cites to *State v. Hunley*, 175 Wn.2d 901, 909, 287 P.3d 584 (2012) for the proposition that a sentence is unconstitutional when the State fails to prove convictions by a preponderance of the evidence. However, Mr. Small does not identify how the crimes from the Bauer case were not proved by a preponderance of the evidence.

11

In fact, Mr. Small's trial counsel, Brian Gwinn, acknowledged that Mr. Small had been convicted, but not yet sentenced, of the other offenses.

A conviction is defined as a verdict of guilty, a finding of guilty, or an acceptance of plea of guilty. RCW 9.94A.030(9). Because the Bauer case resulted in a guilty verdict, these counts constitute convictions even though Mr. Small had not yet been sentenced. We reject Mr. Small's first PRP argument.

*Second PRP argument: Insufficient proof of Bauer conviction*

Mr. Small contends that the trial court did not have certified copies of the jury verdict from the Bauer case. Mr. Small cites *State v. Wilson*, 113 Wn. App. 122, 139, 52 P.3d 545 (2002), for the proposition that the State may not rely on an unauthenticated judgment to prove a prior conviction. He also cites *State v. Mendoza*, 139 Wn. App. 693, 698-99, 162 P.3d 439 (2007), *aff'd*, 165 Wn.2d 913, 205 P.3d 113 (2009), for the proposition that a criminal defendant generally cannot waive the right to challenge the trial court's offender score calculation.

Here, Mr. Small concedes in his PRP that the jury found him guilty in the Bauer

case and admits his offender score would be 13 if those convictions are counted:

> [W]e believe that Mr. Small should be scored separately from the additional
> counts which he was recently convicted of, specifically in the Bauer
> case. . . .  We're in agreement that it would be 13 points if you count all
> those, the prior convictions and what has been deemed prior convictions
> include the Bauer case.

PRP at 4.  Even if the court utilized an unauthenticated verdict at sentencing, given the

admitted correctness of it, Mr. Small's nonconstitutional argument does not meet the

"complete miscarriage of justice" threshold for PRP review.  We reject Mr. Small's

second PRP argument.

> *Third PRP argument: Imposition of RCW 9.94A.533(8)(a) sexual motivation*
> *enhancement*

Mr. Small contends that the court erred when it imposed the RCW 9.94A.533(8)(a)

sexual motivation enhancement.  He argues the enhancement does not apply because the

burglary occurred months before the statute became effective.  Mr. Small's argument is

correct and is the reason we remanded his original appeal for resentencing.  Mr. Small

received relief based on this argument; he was resentenced.  He is not entitled to

additional relief.  We reject Mr. Small's third PRP argument.

*Fourth PRP argument: Exceptional sentence violated various state and federal constitutional provisions*

Mr. Small notes he was acquitted of attempted premeditated first degree murder, but convicted of first degree rape with the aggravating factor of deliberate cruelty. He implies that the jury's verdict was inconsistent, and the court should not have increased his first degree rape sentence by 60 months on the basis of the deliberate cruelty aggravator. He asserts that the aggravated sentencing statute was applied to him in violation of the Sixth Amendment to the United States Constitution.

First, we perceive nothing inconsistent in the jury's verdict. Second, naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion. *State v. Boot*, 81 Wn. App. 546, 550, 915 P.2d 592 (1996) (quoting *State v. Olivas*, 122 Wn.2d 73, 82, 856 P.2d 1076 (1993)). We reject Mr. Small's fourth PRP argument.

Finally, Mr. Small has asked that we waive imposition of appellate costs in the event the State substantially prevails. In accordance with our general order dated February 19, 2019, we defer this request to our clerk or commissioner.

No. 35451-2-III; No. 35799-6-III
*State v. Small*; *PRP of Small*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.

Korsmo, J. _____(result only)