[No. 58715-3-I.   Division One.   December 10, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. BEAU A. SMITH, *Appellant*.

*Jason B. Saunders* and *Vanessa M. Lee* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Interim Prosecuting Attorney*, and *William L. Doyle, Deputy*, for respondent.

¶1 COLEMAN, J. — We must decide whether the trial court gave Beau Smith a part concurrent, part consecutive "hybrid sentence" in violation of RCW 9.94A.589. In the same proceeding, Smith was given DOSA (drug offender sentencing alternative) sentences of 50 months and 18 months and a non-DOSA sentence of 43 months. The first half of Smith's DOSA sentences (25 months and 9 months, respectively) run concurrently with his 43-month, non-DOSA sentence.

At the end of the 25 months, however, Smith will remain in confinement to finish the rest of his 43-month, non-DOSA sentence. After he completes the non-DOSA sentence, he then begins to serve the rest of his DOSA sentences in community custody. Smith requests that we remand for resentencing and order the trial court to impose concurrent DOSA sentences for all of his convictions. We remand for resentencing because Smith's sentence is hybrid, but we do not direct the court to impose concurrent DOSA sentences.

## FACTS

¶2 On November 10, 2005, Smith was charged with one count of possession of stolen property in the first degree, to which he pleaded guilty (2005 conviction).[1] Smith failed to appear at his February 3, 2006 sentencing hearing, however, and the next day committed two more offenses: possession of stolen property in the first degree and possession of cocaine. On February 7, 2006, he was charged with both offenses, and those offenses were given a different cause number from the 2005 conviction. A jury found Smith guilty of both offenses in May 2006 (2006 convictions).

¶3 A sentencing hearing for all offenses occurred on July 18 and 19, 2006. The standard range for the 2005 conviction was 43 to 57 months. The standard range for the 2006 possession of stolen property was 43 to 57 months, and the standard range for the 2006 possession of cocaine was 12 plus to 24 months. The State recommended an exceptional sentence based on the "free crime" doctrine under RCW 9.94A.535(2)(c).[2] Smith requested a DOSA for all of the offenses.[3]

---

[1] Under the same cause number, Smith was also charged with possession of cocaine, but this charge was dismissed and is not relevant to this appeal.

[2] Under RCW 9.94A.535(2)(c), "The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury" if "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished."

[3] A person sentenced under DOSA serves "[a] period of total confinement in a state facility for one-half of the midpoint of the standard sentence range or twelve

¶4 Before imposing sentence, the court asked how the Department of Corrections (DOC) would treat Smith's sentence if the court imposed a DOSA for one cause number and rejected a DOSA for the other cause number. Smith's counsel for the 2006 convictions, Bill Prestia, followed up with the DOC and then sent an e-mail to the court, the prosecutor, and Scott Saeda, Smith's attorney for the 2005 conviction. In this e-mail, Prestia wrote, in part,

> At this morning's sentencing on this case, the Court directed that I contact DOC and determine how DOC would handle these two cases if the Court imposed 57 months on the first cause number, and a DOSA (25/25) on the second cause number, to run concurrent. I just spoke to Jayne Olsen . . . at DOC in Shelton. She stated that if the Court passes sentence as described, the [sic] Mr. Smith would serve the 57 months on the first case (minus good time), and the 25 month in-custody portion of the second case, concurrent, for a total in-custody period of 57 months minus good time. Upon release, Mr. Smith would serve the 25 month out-of-custody portion of the DOSA. In short, the 57 months in custody would not "eat up" the out of custody portion of the DOSA. The chemical dependency treatment that is a mandatory portion of the DOSA would be completed while the offender is in custody.

Clerk's Papers at 45-46.

¶5 After considering argument, the court denied Smith's DOSA request for the 2005 conviction, explaining,

> I believe that Smith is eligible for a DOSA. Obviously, he's got drug problems and undoubtedly alcohol problems. He's had lots of opportunities in the past to take care of those. He has a DUI [driving under the influence] conviction and probably another-- the information is another DUI that was charged although

---

months, whichever is greater. . . ." RCW 9.94A.660(5)(a). He or she then serves "[t]he remainder of the midpoint of the standard range as a term of community custody which must include appropriate substance abuse treatment in a program that has been approved by the division of alcohol and substance abuse of the department of social and health services." RCW 9.94A.660(5)(b).

dismissed, and a long history of criminal offenses which would indicate to all of us essentially someone his age has got an ongoing drug and alcohol or substance abuse problem. But he does have a lengthy criminal history and I don't think just a DOSA, given the length of time that he would serve, will be a fair sentence.

Report of Proceedings (July 19, 2006) at 6-7. Instead, the court imposed a non-DOSA sentence of 43 months for the 2005 conviction. For the 2006 convictions, the court imposed a DOSA sentence of 50 months on count one and 18 months on count two. Thus, on count one, the court sentenced Smith to 25 months of confinement and 25 months of community custody. On count two, the court sentenced him to 9 months of confinement and 9 months of community custody.

¶6 The in-custody portions of Smith's DOSA sentences would run concurrently with his 43-month, non-DOSA sentence. After 25 months in custody, he would be finished serving the in-custody portions of his DOSA sentences, but he would remain in custody to finish his non-DOSA sentence. After he had completed his non-DOSA sentence, he would be released from confinement to serve the community custody portions of his DOSA sentences.

¶7 Smith's counsel objected to the sentence, arguing that the court had imposed de facto consecutive sentences. The court responded, "I guess the only comment I have is the alternative for Mr. Smith at this point would be I would give him 57 months on Count 1 . . . because I think his history warrants it, then he wouldn't get the benefits of treatment." *Id.* at 9. Smith appeals his sentence.

## ANALYSIS

¶8 Smith argues that his sentence is hybrid because the first half of his DOSA sentences run concurrently with his non-DOSA sentence, but the community custody portions of his DOSA sentences run consecutively to his non-DOSA sentence. We agree and remand for resentencing.

■ ¶9 RCW 9.94A.589(3) provides that "whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently" with the other felony sentences, "unless the court pronouncing the current sentence expressly orders that they be served consecutively." Thus, under RCW 9.94A.589(3), a sentence must either be concurrent with another sentence or consecutive to it. The statute does not authorize a hybrid model, where a sentence is concurrent in part and consecutive in part. *State v. Grayson*, 130 Wn. App. 782, 783, 125 P.3d 169 (2005).

■ ¶10 In *Grayson*, this court rejected a trial court's imposition of a hybrid sentence. Grayson received a standard range sentence of 138 months on one cause number. A month later, on a different cause number, he faced a standard range sentence of 108 to 144 months. Under RCW 9.94A.589(3), the trial court had the option of expressly ordering a consecutive sentence on the second cause number. But the court believed that a consecutive sentence would be too harsh because Grayson would receive an additional 9 to 12 years of incarceration. The court also believed that a concurrent sentence would be too lenient because Grayson would at most receive only six additional months of incarceration. To resolve the matter, the court imposed a hybrid sentence. It ordered a 144-month sentence on the second cause number, and a 12-month portion of that sentence was to be served consecutive to the 138-month sentence on the first cause number, while the rest was to run concurrently. The Court of Appeals held that RCW 9.94A.589(3) does not authorize a part consecutive, part concurrent hybrid sentence. "Nothing in the statute suggests that the court pronouncing 'the sentence' can divide it into two parts, one part to run concurrently with the other sentences and the other consecutively." *Id.* at 786. The court remanded for resentencing.

¶11 Smith also received a hybrid sentence. The in-custody portions of his DOSA sentences run concurrently

with his non-DOSA sentence of 43 months, but the community custody portions of his DOSA sentences run consecutively to the non-DOSA sentence. Like the 12 months to be served consecutively to the sentence in *Grayson*, the community custody portions of Smith's DOSA sentences are "tacked on" to the end of his non-DOSA sentence. *Id.* at 785. Smith's sentence is part concurrent and part consecutive.

¶12 The State argues that the DOSA statute authorizes Smith's sentence because DOSA may be imposed only for violations involving small quantities of controlled substances, thus often necessitating a combination of DOSA and non-DOSA sentences imposed in the same proceeding. The DOSA statute, RCW 9.94A.660(1)(d), provides,

> An offender is eligible for the special drug offender sentencing alternative if:
>
> . . . .
>
> For a violation of the Uniform Controlled Substances Act . . . the offense involved only a small quantity of the particular controlled substance . . . .

The State explains that it is common for defendants to receive a DOSA sentence in combination with a non-DOSA sentence. For example,

> if a defendant possessed a large amount of cocaine for one offense, and a small amount of methamphetamine for another offense, the statute authorizes the trial court to deny a DOSA for the cocaine offense, and impose a DOSA for the methamphetamine offense.

Br. of Resp't at 11. The State warns that "[i]f such sentences were unlawful, every time a defendant is statutorily eligible for a DOSA on one current offense, but not another, a sentencing court could not lawfully order a DOSA for the eligible offense." *Id.*

¶13 The difficulty with the State's argument is that even if Smith's sentence is consistent with the DOSA statute, it is still a hybrid sentence in violation of RCW

9.94A.589(3). The legislature may want to change the statute to allow the type of sentence that Smith received. This court, however, is bound by the statute.

██ ¶14 Smith next argues that "this case should be remanded with instructions to the court to review both cause numbers and impose concurrent DOSA sentencing for both." Br. of Appellant at 26. We disagree because the DOSA statute clearly gives trial courts discretion to impose a DOSA sentence "if the court determines that a sentence under this section is appropriate." RCW 9.94A.660(4). Even if a defendant is eligible for DOSA, the decision to impose a DOSA rests in the sentencing court's discretion. *State v. Conners*, 90 Wn. App. 48, 53, 950 P.2d 519 (1998). For example, in *State v. Gronnert*, 122 Wn. App. 214, 225-26, 93 P.3d 200 (2004), the Court of Appeals held that the trial court did not abuse its discretion by denying a DOSA request, despite the fact that the trial court expressed its contempt for DOSA in general. The court reasoned that the trial court properly exercised its discretion by determining that the program would not benefit either the defendant or the community. *See also State v. Barton*, 121 Wn. App. 792, 797-98, 90 P.3d 1138 (2004) (holding that the legislative grant of discretion was broad enough to include the trial court's stated reason that the defendant and the community would not benefit from a DOSA because of perceived program inadequacies). On remand, the trial court may, but is not required to, impose a DOSA on any of Smith's sentences.

¶15 For the foregoing reasons, we remand for resentencing.

SCHINDLER, A.C.J., and GROSSE, J., concur.

Reconsideration denied December 28, 2007.