[No. 41166-1-II.   Division Two.   August 21, 2012.]

*In the Matter of the Personal Restraint of* AARON JAY
GREEN, *Petitioner.*

*Peter B. Tiller* (of The Tiller Law Firm), for petitioner.

*Jon Tunheim*, Prosecuting Attorney for Thurston County, and *Carol L. La Verne*, Deputy, for respondent.

¶1 PENOYAR, J. — While serving a felony sentence, Aaron Jay Green committed and was sentenced for another felony crime. He now files a personal restraint petition (PRP), challenging (1) the trial court's imposition of what he calls a "hybrid" sentence—with the in-custody term of his two sentences running concurrently but the community custody term of his first sentence running consecutively to the longer second sentence; (2) the validity of his Drug Offender Sentencing Alternative (DOSA)[1] sentence on the first sentence, No. 09-1-00995-7; (3) his exceptional downward sentence on his second sentence, No. 09-1-01372-5; and (4) the inclusion of a community custody provision in his second sentence. We hold that the sentencing court properly imposed (1) a lawful exceptional sentence, and not a "hybrid" sentence and (2) Green's DOSA sentence. Further, we conclude that the invited error doctrine precludes Green from challenging his exceptional downward sentence. We remand to the sentencing court, however, to either amend the community custody term or resentence Green on the second sentence, No. 09-1-01372-5, consistent with RCW 9.94A.701(9).[2]

## FACTS

¶2 On August 11, 2009, Green pleaded guilty to three felony violations of a postconviction no-contact (domestic

---

[1] Given Green's offender score of 8 points, Green reached the statutory maximum sentence of 60 months for this class C felony. *See* RCW 9A.20.021(1).

[2] This provision was originally codified as subsection (8) and later renumbered as subsection (9). LAWS OF 2010, ch. 224, § 5. For clarity, we refer to it as subsection (9) throughout this opinion.

violence) order in case No. 09-1-00995-7.[3] The sentencing court found Green's standard range to be 60 months and sentenced him to a DOSA[4] whereby Green was to serve 30 months in confinement followed by 30 months of community custody. The sentence included a no-contact provision prohibiting Green from having any contact with Amber Beasley.[5]

¶3 Later that day, Green telephoned Beasley from jail to tell her about his recently-imposed DOSA sentence. This contact violated Green's new no-contact order, and the State, in case No. 09-1-01372-5, charged Green with another felony violation of a postconviction no-contact (domestic violence) order.[6] Green pleaded guilty to the new charge.

¶4 At sentencing on November 13, 2009, the court found that the State and Green stipulated that justice would be best served by imposing an exceptional sentence below the standard range;[7] and the court sentenced Green to 60 months' confinement, to run *concurrently* with his prior sentence in No. 09-1-00995-7. The sentencing court included a provision ordering between 9 and 18 months' community custody and included a notation that total confinement and community custody could not exceed the statutory maximum of 60 months. As sentenced, Green will serve concurrently the 30-month in-custody term of his DOSA sentence, No. 09-1-00995-7, with the first 30 months of the 60-month in-custody term of his non-DOSA sentence, No. 09-1-01372-5. Then, he will serve the remaining 30 months of the 60-month in-custody term of his non-DOSA sentence, No. 09-1-01372-5. Finally, he will serve the 30-month community custody portion of his DOSA sentence

---

[3] In violation of RCW 10.99.020 and RCW 26.50.110(5).

[4] RCW 9.94A.660.

[5] The no-contact order barred Green from personal, verbal, telephonic, written, or contact through a third party with Beasley for five years.

[6] In violation of RCW 10.99.020, RCW 10.99.050, and RCW 26.50.110(5).

[7] The standard range for Green's sentence was 60 months.

consecutively to his non-DOSA sentence.[8] Green now files a PRP.

## ANALYSIS

### I. PERSONAL RESTRAINT PETITION STANDARD OF REVIEW

¶5 Petitioners may seek relief through a PRP when they are under unlawful restraint. RAP 16.4(a)-(c). A petitioner must prove either constitutional error that resulted in actual prejudice or nonconstitutional error that resulted in the miscarriage of justice.[9] *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). The petitioner bears the burden of proving error by a preponderance of the evidence. *Cook*, 114 Wn.2d at 814. We may grant PRPs in order to remedy sentences imposed contrary to law. *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 694, 9 P.3d 206 (2000). The invited error doctrine does not apply to illegally imposed sentences, even if a defendant agrees to the sentence. *State v. Wallin*, 125 Wn. App. 648, 661-62, 105 P.3d 1037 (2005) (" '[I]nvited error' reasoning has been rejected by the Supreme Court on the ground that 'a defendant cannot empower a sentencing court to exceed its statutory authorization.' " (internal quotations omitted) (quoting *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 870, 50 P.3d 618 (2002))).

### II. "HYBRID" SENTENCE

¶6 Green argues that the sentencing court in No. 09-1-01372-5 committed nonconstitutional error when it imposed an unlawful "hybrid" sentence, with part of the sentence running concurrently with and part of the sentence running consecutively to his prior sentence in No.

---

[8] This is according to Green's brief, which the Tiller Law Firm prepared. The State does not dispute Green's characterization of his sentence.

[9] Each of the challenges Green raises in his PRP appear to be nonconstitutional challenges under Washington law.

09-1-00995-7. Because we conclude that Green's sentence is a lawful exceptional sentence, we disagree.

¶7  RCW 9.94A.589 provides, in part:

> (2)(a) Except as provided in (b) of this subsection, whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.
>
> (b) Whenever a second or later felony conviction results in community supervision with conditions not currently in effect, under the prior sentence or sentences of community supervision the court may require that the conditions of community supervision contained in the second or later sentence begin during the immediate term of community supervision and continue throughout the duration of the consecutive term of community supervision.
>
> (3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

¶8  RCW 9.94A.589(2)(a) applies to Green's sentence; it provides that whenever a defendant, *while* under sentence for a felony conviction, commits another felony and a court sentences him to another term of confinement, the latter sentence must run consecutively to all prior sentences. But because the sentencing court decided to impose an exceptional downward sentence, Green completely avoided consecutive sentences.

¶9  Green urges us to analogize to the rules applying to a different set of defendants, those who are sentenced for a felony they committed *while not* under sentence for a felony conviction. For those defendants, the sentences must run concurrently with prior sentences unless the court orders

that they be served consecutively. RCW 9.94A.589(3). "Hybrid" sentences under RCW 9.94A.589(3), however,—those with some terms running concurrently with and others running consecutively to prior sentences—are invalid. *State v. Smith*, 142 Wn. App. 122, 127, 173 P.3d 973 (2007); *State v. Grayson*, 130 Wn. App. 782, 786, 125 P.3d 169 (2005). Though Green was sentenced under RCW 9.94A.589(2), he urges us to apply this rule to his case.

¶10 In *Grayson*, Division One rejected a sentencing court's imposition of a hybrid sentence under RCW 9.94A.589(3). 130 Wn. App. 782. In 2002, while awaiting trial on two drug offenses committed in 2000, the defendant committed two additional drug-related felonies. *Grayson*, 130 Wn. App. at 783. In November 2002, he was convicted of the 2002 charges, and in October 2002, he was convicted of the 2000 charges. *Grayson*, 130 Wn. App. at 783. The sentencing court sentenced him in October 2002 to 138 months' confinement on the 2000 charges. *Grayson*, 130 Wn. App. at 783. In November 2002, during sentencing on the 2002 charges, the State asked the sentencing court to make "some or all" of his sentence run consecutively, rather than concurrently, to the previous sentence. *Grayson*, 130 Wn. App. at 784. Grayson argued that running his sentence consecutively to the prior one would add an additional 9 to 12 years to his prior sentence. *Grayson*, 130 Wn. App. at 784. Defense counsel recommended a 144-month sentence, at the top of the standard range, to run concurrently with the other 138-month sentence, so that the net effect would be an additional six months. *Grayson*, 130 Wn. App. at 784. The sentencing court, however, ultimately sentenced Grayson to 144 months, with all but one year to be concurrent. *Grayson*, 130 Wn. App. at 785. The sentencing court stated, " 'Instead of giving you 12 years tacked on to the 10 that you already have, Mr. Grayson, I'm giving you only one year tacked on to the end.' " *Grayson*, 130 Wn. App. at 785.

¶11 On appeal, the State conceded that state law provides a sentencing court strictly an "either or" choice to

impose a concurrent or consecutive sentence. *Grayson*, 130 Wn. App. at 785. Division One agreed and reversed the sentence, holding that state law prohibited hybrid sentences under RCW 9.94A.589(3). *Grayson*, 130 Wn. App. at 786.

¶12 In *Smith*, also decided under RCW 9.94A.589(3), the defendant pleaded guilty to one crime in 2005. 142 Wn. App. at 124. In early 2006, he failed to appear at his sentencing hearing, and the following day he committed two more offenses. *Smith*, 142 Wn. App. at 124. Smith was charged and convicted of the 2006 offenses. *Smith*, 142 Wn. App. at 124. The sentencing court held a combined sentencing hearing for each of Smith's three offenses (the 2005 offense and two 2006 offenses) and sentenced him to a non-DOSA sentence for the 2005 conviction and DOSA sentences on the 2006 convictions. *Smith*, 142 Wn. App. at 124, 126.

¶13 The in-custody portions of Smith's DOSA sentences were to run concurrently with his non-DOSA sentence until he completed his in-custody DOSA treatments; then, he was to serve the remainder of his non-DOSA sentence. *Smith*, 142 Wn. App. at 126. After completing his non-DOSA sentence, the defendant would be released from confinement to serve the community custody portion of his DOSA sentences. *Smith*, 142 Wn. App. at 126. Smith objected to his sentence. *Smith*, 142 Wn. App. at 126.

¶14 On appeal, Division One invalidated Smith's sentence. *Smith*, 142 Wn. App. at 126. It held that his sentence was an invalid "hybrid" sentence under RCW 9.94A.589(3) because the confinement portion of his DOSA sentences ran concurrently with his non-DOSA sentence, but the community custody portions of his DOSA sentences were to run consecutively to his non-DOSA sentence. *Smith*, 142 Wn. App. at 126.

¶15 Unlike *Smith*, Green was sentenced under a different section of the statute, one that does not create an "either or" choice for the sentencing court. While RCW 9.94A.589(3) tells the sentencing court to chose between concurrent or

consecutive sentences, RCW 9.94A.589(2) states that all sentences must be consecutive. The sentencing court chose to lessen the impact of this section on Green by giving him an exceptional sentence downward. That courts must make an "either or" choice under one subsection of the statute does not imply a similar restriction on the application of another subsection that does not contain similar restrictive language. RCW 9.94A.589(2) and former RCW 9.94A.535 (LAWS OF 2008, ch. 276, § 303),[10] interpreted in light of the purposes of the Sentencing Reform Act of 1981,[11] allow courts to tailor the consecutive/concurrent provisions of an exceptional sentence as is appropriate to meet the circumstances of a particular case. Because the case law developed under RCW 9.94A.589(3) has no application to an exceptional sentence imposed under RCW 9.94A.589(2) and because there is no overarching rule against "hybrid" sentences, we see no error. Green's sentence is not an invalid "hybrid" sentence.

¶16 As sentenced, Green will serve concurrently the 30-month in-custody term of his DOSA sentence with the first 30 months of the 60-month in-custody term of his non-DOSA sentence. Then, he will serve the remaining 30

---

[10] Former RCW 9.94A.535 addresses departures from the sentencing guidelines.

[11] RCW 9.94A.010 reads:

The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to:

(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

(2) Promote respect for the law by providing punishment which is just;

(3) Be commensurate with the punishment imposed on others committing similar offenses;

(4) Protect the public;

(5) Offer the offender an opportunity to improve himself or herself;

(6) Make frugal use of the state's and local government's resources; and

(7) Reduce the risk of reoffending by offenders in the community.

"Statutes should be construed to effect their purpose." *State v. McDougal*, 120 Wn.2d 334, 350, 841 P.2d 1232 (1992).

months of the 60-month in-custody term of his non-DOSA sentence. Finally, he will serve the 30-month community custody portion of his DOSA sentence, imposed under RCW 9.94A.660, consecutively to his non-DOSA sentence. Green's DOSA sentence will be served both concurrently with and consecutively to his non-DOSA sentence. Green fails to show how this sentence is inconsistent with RCW 9.94A.589(2) or is an invalid agreed exceptional sentence under RCW 9.94A.535.[12,13]

¶17 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

HUNT, J., concurs.

¶18 JOHANSON, A.C.J. (dissenting) — Because the sentence imposed here looks like a hybrid sentence and acts like a hybrid sentence, I would hold it is a hybrid sentence. When a trial court imposes sentences with some terms running concurrently and others consecutively to each other, then it imposes an illegal hybrid sentence. Accordingly, I would remand for resentencing.

¶19 The majority holds that because the trial court sentenced Green under subsection (2) of RCW 9.94A.589, prior case law invalidating unlawful hybrid sentences un-

---

[12] "A departure from the standards in RCW 9.94A.589 (1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in this section, and may be appealed by the offender or the state as set forth in RCW 9.94A.585 (2) through (6)." Former RCW 9.94A.535.

[13] "To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4).

der subsection (3) of RCW 9.94A.589 does not apply here. I disagree because trial courts may not impose hybrid sentences under any subsection of RCW 9.94A.589, and the trial court here imposed an unlawful de facto hybrid sentence on Green.

¶20 First, the majority contends that the trial court validly sentenced Green to an exceptional downward sentence under RCW 9.94A.589(2), so *State v. Smith*, 142 Wn. App. 122, 173 P.3d 973 (2007) and *State v. Grayson*, 130 Wn. App. 782, 125 P.3d 169 (2005)—that both invalidate hybrid sentences—do not apply here because they involved sentences imposed under RCW 9.94A.589(3). But the majority provides no substantive differences to distinguish the effect of Green's sentence from the illegal hybrid sentence imposed in *Smith*. And, though Division One of this court confined its analysis in *Grayson* to RCW 9.94A.589(3), that same court framed the issue much more broadly in *Smith*: "We must decide whether the trial court gave . . . Smith a part concurrent, part consecutive 'hybrid sentence' in violation of *RCW 9.94A.589*." *Smith*, 142 Wn. App. at 123 (emphasis added). Though *Smith* involved a sentence imposed under RCW 9.94A.589(3), the court's broad language implies that the prohibition against hybrid sentencing extends to any sentence imposed under RCW 9.94A.589.

¶21 Second, Green's case closely mirrors *Smith*, which invalidated an illegal hybrid sentence. Both cases involved drug offender sentencing alternative (DOSA) and non-DOSA sentence terms. Though Smith received his sentence under a different subsection of RCW 9.94A.589, the trial court ultimately sentenced Smith and Green to similar sentences. Like Smith, Green will serve concurrently his in-custody drug offender sentencing alternative (DOSA) sentence term with the first part of his non-DOSA sentence. *See Smith*, 142 Wn. App. at 126. Then also like Smith, Green will serve the remaining term of confinement on his non-DOSA sentence. *See Smith*, 142 Wn. App. at 126. Finally, like Smith, Green will serve his remaining community

custody portion of his DOSA sentence consecutively to his non-DOSA sentence. Schematically, the trial court sentenced Green to the same type of sentence that Division One declared invalid in *Smith*. There, in determining the sentence to be invalid, the court reasoned,

> Smith also received a hybrid sentence. The in-custody portions of his DOSA sentences run concurrently with his non-DOSA sentence of 43 months, but the community custody portions of his DOSA sentences run consecutively to the non-DOSA sentence. . . . Smith's sentence is part concurrent and part consecutive.

*Smith*, 142 Wn. App. at 127-28. This exact language could apply here, by simply changing the appellant's name and sentence duration. Because again, if a sentence looks like an unlawful hybrid sentence and acts like an unlawful hybrid sentence, it is an unlawful hybrid sentence.

¶22 Given Division One's broad language in *Smith*, it is inconsequential that the trial court imposed Green's sentence under a different statutory subsection than in *Smith*. Green's sentence, though imposed under RCW 9.94A-.589(2), constitutes an illegal de facto hybrid sentence, with some terms served concurrently and others consecutively.

¶23 Accordingly, in my view, Green carried his burden, demonstrating by a preponderance of the evidence that under *Smith*, his hybrid sentence is illegal. *Smith*, 142 Wn. App. at 127-28. Therefore, I would grant Green's personal restraint petition and remand for resentencing.