

**FILED**
**MAY 23, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of | ) ) ) | No. 36086-5-III |
| LEANNE MARIE HARDY. | ) ) ) | PUBLISHED OPINION |

SIDDOWAY, J. — The Department of Corrections (DOC) petitions pursuant to RCW 9.94A.585(7) for review of the drug offender sentencing alternative (DOSA) imposed on Leanne Marie Hardy as a result of her March 2018 conviction of three counts, two of which the DOC contends were DOSA-ineligible, having standard sentence ranges less than one year.

The petition requires us to construe RCW 9.94A.660 and to re-examine an assumption made in this court's 2007 decision in *State v. Smith*, 142 Wn. App. 122, 173 P.3d 973. We reject *Smith*'s assumption that an offense-based evaluation of DOSA eligibility being used by the DOC was correct. We construe eligibility for DOSA as offender-based, not offense-based, and identify how RCW 9.94A.660(1)(d) and (f) should be applied to the sentencing of multiple current offenses consistent with the purposes of those provisions.

We conclude that Ms. Hardy's DOSA sentence is valid and deny the DOC's petition.

FACTS AND PROCEDURAL BACKGROUND

Leanne Hardy pleaded guilty to two counts of unlawful possession of a controlled substance (methamphetamine and heroin) and one count of bail jumping. She had an offender score of 5. We reproduce the "Sentencing Data" section of her judgment and sentence, which sets forth the standard range sentences for the three offenses under RCW 9.94A.510 and former RCW 9.94A.517 (2015).[1] Counts I and III are the controlled substance offenses and count II is the bail jumping count:

2.3 Sentencing Data:

| Count No. | Offender Score | Serious-ness Level | Standard Range (not including enhancements) | Plus Enhancement | Total Standard Range (including enhancements) | Maximum Term |
|---|---|---|---|---|---|---|
| I | 5 | I | 6+ to 12 months | none | 6+ to 12 months | 5 years |
| II | 5 | III | 17-22 months | none | 17-22 months | 5 years |
| III | 5 | I | 6+ to 12 mnths | none | 6+ to 12 months | 5 years |

Postsentence Pet., Ex. 1, at 2.

---

[1] Effective July 1, 2018—four months after Ms. Hardy's sentence was imposed—the standard range sentence for the controlled substance violations, given her offender score of 5, became 6+ to 18 months. The revised end of the sentence range would have avoided the issue presented in the petition for postsentence review.

2

The Douglas County Superior Court granted a residential DOSA, waiving imposition of a standard range sentence and requiring Ms. Hardy to serve 24 months in community custody, on the condition that she enter and remain in residential chemical dependency treatment certified under chapter 70.96A RCW for 3 to 6 months.

Upon receiving Ms. Hardy's judgment and sentence, DOC personnel concluded that because counts I and III had a standard range of 6+ to 12 months, they were not DOSA eligible. After unsuccessfully trying to resolve the issue at the trial court level, the DOC timely filed this petition in accordance with RCW 9.94A.585(7) and RAP 16.18. Since Ms. Hardy is indigent, we appointed counsel to represent her. RAP 16.18(c).

ANALYSIS

At issue is the purely legal issue of whether the sentencing court exceeded its statutory sentencing authority when it granted Ms. Hardy a DOSA sentence. RCW 9.94A.585(7) (limiting our review to "errors of law"). We review the issue de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). The parties' dispute implicates issues of statutory construction, which we also review de novo. *In re Det. of Williams*, 147 Wn.2d 476, 486, 55 P.3d 597 (2002).

The parties' dispute also requires us to consider the application of this court's decision in *Smith.* In July 2006, when Beau Smith was being sentenced at the same hearing for offenses charged in two criminal cases, he asked the court to impose a DOSA

in both. 142 Wn. App. at 125. The trial court asked defense counsel to find out how the DOC would treat Mr. Smith's sentences if the court sentenced him to 57 months' confinement in one case but granted a prison-based DOSA of 25 months/25months in the other, to run concurrently. *Id.* Counsel reported back that he was told

> if the Court passes sentence as described, the [sic] Mr. Smith would serve the 57 months on the first case (minus good time), and the 25 month in-custody portion of the second case, concurrent, for a total in-custody period of 57 months minus good time. Upon release, Mr. Smith would serve the 25 month out-of-custody portion of the DOSA. In short, the 57 months in custody would not "eat up" the out of custody portion of the DOSA. The chemical dependency treatment that is a mandatory portion of the DOSA would be completed while the offender is in custody.

*Id.* (alteration in original).

The court ultimately imposed a shorter non-DOSA sentence in one case (43 months rather than 57) and concurrent prison-based DOSAs of 25months/25 months and 9 months/9 months in the second. *Id.* at 126. Defense counsel objected to the fact that Mr. Smith would finish serving the in-custody portion of his DOSA sentence in 25 months, but would then have to complete his 43-month non-DOSA sentence before being released to serve the 25-month community custody portion of his DOSA sentences. He argued that this was a de facto consecutive sentence.

On appeal, Mr. Smith contended that the DOSA and non-DOSA sentences in a multiple current offense setting created an illegal hybrid sentence. In an effort to dissuade the court from reaching that conclusion, the State argued that it was common for

4

defendants to receive a DOSA sentence in combination with a non-DOSA sentence, providing as an example, drug prosecutions in which possession of a large amount of one controlled substance makes that count DOSA-ineligible, yet a charge of possessing a small amount of another controlled substance would be DOSA-eligible. "The State warn[ed] that 'if such sentences were unlawful, every time a defendant is statutorily eligible for a DOSA on a current offense, but not another, a sentencing court could not lawfully order a DOSA for the eligible offense.'" *Id.* at 128 (quoting the State's brief).

Importantly, this court was not asked to decide in *Smith* whether the DOC and the State were correct about the operation of the DOSA statute. It assumed they were. But it held, "even if Smith's sentence is consistent with the DOSA statute, it is still a hybrid sentence in violation of RCW 9.94A.589(3)," which provides for concurrent sentencing or consecutive sentencing, but not a hybrid model. *Id.* at 128-29. [2]

The DOC's petition in this case argues, consistent with the State's position in *Smith*, that courts "impose sentences on a per-count basis" and that eligibility for DOSA

---

[2] *Smith*'s holding that the sentence imposed was an illegal hybrid sentence has been criticized as overlooking former RCW 9.94A.625(3) (now codified as RCW 9.94A.171), which tolls any period of community custody during any period that the offender is in confinement for any reason. 13B SETH A. FINE, WASHINGTON PRACTICE: CRIMINAL LAW WITH SENTENCING FORMS (2018-19 Suppl. Pamphlet) § 3709, at 233 n.32. A request that Division One hold *Smith* to have been wrongly decided on this basis was rejected in 2009, however. *State v. Bowers*, noted at 152 Wn. App. 1055 (2009); *see* GR 14.1 (unpublished decisions have no precedential value, are not binding on any court, and may be relied on only for their persuasive value).

"is per-offense." Postsentence Pet. at 5, 7. It argues that Ms. Hardy's two controlled

substance violations fail an eligibility criterion appearing at RCW 9.94A.660(1)(f), that

"[t]he end of the standard sentence range for the current offense is greater than one year."

It argues that because Ms. Hardy was not eligible for DOSA sentencing for the controlled

substance counts, we should "remand either for resentencing or to grant a DOSA only for

the DOSA-eligible offenses." *Id.* at 1.[3] The State and Ms. Hardy respond with textual

and policy arguments asking us to construe the DOSA provisions as taking a different,

offender-based approach.

I.   REASONABLY READ, ELIGIBILITY FOR DOSA SENTENCING IS OFFENDER-BASED,
     NOT OFFENSE-BASED

Our fundamental objective in construing a statute is to ascertain and carry out the

legislature's intent, and if a statute's meaning is plain on its face, we give effect to that

plain meaning as an expression of legislative intent. *Dep't of Ecology v. Campbell &
Gwinn*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "Plain meaning" analysis does not mean

that we view a statutory provision in isolation, however; instead, "meaning is discerned

from all that the [l]egislature has said in the statute and related statutes which disclose

legislative intent about the provision in question." *Id.* at 11. If the statute remains

susceptible to more than one reasonable interpretation, it is deemed ambiguous and this

---

[3] It is not clear how the trial court could impose a DOSA sentence for the bail jumping count and standard range sentences for the controlled substance counts without imposing what *Smith* holds to be an illegal hybrid sentence.

court "may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

A frequently repeated maxim of statutory construction is that "statutes should receive a sensible construction to effect the legislative intent and, if possible, to avoid unjust and absurd consequences." *State v. Vela*, 100 Wn.2d 636, 641, 673 P.2d 185 (1983).

The DOC rightly contends that the SRA's[4] general approach in multiple current offense sentencing is to impose offense-based sentence lengths, not an offender-based sentence length. The "Sentencing Data" section of Ms. Hardy's judgment and sentence sets forth the standard range for each of her offenses. Had she received a standard range sentence, the court would have selected a sentence for each of her offenses within the applicable range. RCW 9.94A.530(1). She would have three sentences, not one, and her total period of confinement would be the result of applying RCW 9.94A.589, which would run the three sentences concurrently.

But RCW 9.94A.660 contains language suggesting a different approach when the sentencing alternative is applied. It provides, "*An offender is eligible* for the special drug offender sentencing alternative" if eligibility criteria are met, not that "an *offense* is

---

[4] Sentencing Reform Act of 1981, ch. 9.94A RCW.

eligible." RCW 9.94A.660(1) (emphasis added). Most of the eligibility criteria are

offender-based:

> (1) *An offender is eligible* for the special drug offender sentencing alternative if:
> (a) *The offender* is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533 (3) or (4);
> (b) *The offender* is convicted of a felony that is not a felony driving while under the influence of intoxicating liquor or any drug under RCW 46.61.502(6) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug under RCW 46.61.504(6);
> (c) *The offender* has no current or prior convictions for a sex offense at any time or violent offense within ten years before conviction of the current offense, in this state, another state, or the United States;
> (d) For a violation of the Uniform Controlled Substances Act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance;
> (e) *The offender* has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;
> (f) The end of the standard sentence range for the current offense is greater than one year; and
> (g) *The offender* has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

RCW 9.94A.660(1)(a)-(g) (emphasis added). This is a strong textual basis for applying

an offender-based approach in determining whether the sentencing alternative is an

option.

The principal concern DOC expresses about the trial court's offender-based

approach is that a court could waive standard range sentences for DOSA-ineligible

crimes simply because they were sentenced alongside a DOSA-eligible crime.[5]  But this would not happen if RCW 9.94A.660 is based on offender-based eligibility rather than offense-based eligibility.  If *the offender* is not eligible, then no DOSA sentence could be imposed on any current offense.

The textual issue remaining, if we read RCW 9.94A.660 as offender-based rather than offense-based, is how to construe subsections (1)(d) and (1)(f), which speak in singular terms of "the offense" and "the current offense."  We conclude that each should be read in a manner consistent with its purpose.

The purpose of subsection (1)(d) is to limit DOSA eligibility in the case of the controlled substance violations it addresses to violations that involve only a small quantify of the particular controlled substance.  Notwithstanding the State's position in *Smith*, eligibility should depend on *all* of an offender's current controlled substance violations involving only small quantities.

We find no legislative history that clearly identifies the purpose of subsection (1)(f), which conditions eligibility on a standard range greater than one year.  It is distinguishable from the other eligibility criteria, most of which are indicators of a lower risk offender.  For the first decade of the sentencing alternative's existence, a minimum

---

[5] Postsentence Pet. at 8.  The DOC did not file a reply.  *See* RAP 16.18(c) (permitting a reply brief).

length for an offender's sentence—a sign of a *higher*-risk offender—was not even

identified as one of the "eligibility" criteria for the alternative. LAWS OF 1995, ch. 108, §

3 (originally codified at former RCW 9.94A.120(6)(a) (1995); later recodified pursuant to

Laws of 2001, ch. 10, § 6, at RCW 9.94A.660(1)). A minimum length of the standard

range was not identified as part of the "eligibility" criteria until October 1, 2005. LAWS

OF 2005, ch. 460, § 1(e) (codified at former RCW 9.94A.660(1)(e) (2005)).

A minimum sentence was always required for the sentencing alternative to be

available, but that requirement appeared in a separate statutory section. That section

provided that the sentencing alternative could not be imposed unless (1) an eligible

offender, (2) had a standard range of a certain minimum length, and (3) the offender and

the community would benefit from use of the alternative. Originally, the minimum

length was a standard range whose midpoint was greater than one year. LAWS OF 1995,

ch. 108, § 3, codified at former RCW 9.94A.129(6)(b) (1995). Legislation effective in

July 1999 changed the minimum, requiring that the standard range itself be greater than

one year. LAWS OF 1999, ch. 197, § 4, codified at former RCW 9.94A.120(6)(b) (1999).

The final bill report for the 1999 legislation may shed light on the reason for requiring a

minimum sentence of a year: it discusses the fact that offenders sentenced to less than a

year are eligible for other alternatives to total confinement. FINAL B. REP. ON

ENGROSSED SECOND SUBSTITUTE H.B. 1006, at 3, 56th Leg. Reg. Sess. (Wash. 1999).

Another possible reason for requiring an offender to have a standard range sentence of a minimum length might be to limit prison-based DOSAs (the only type originally available) to sentences long enough to afford a beneficial amount of treatment. Or it might be because there is less of a cost benefit to state and local government of providing treatment when an offender will be confined for a shorter period of time. These rationales are supported by the legislature's directive to the sentencing guidelines commission, in originally creating the sentencing alternative, to deliver findings on the savings in state resources from implementing the drug offender options and the effectiveness of drug treatment services. LAWS OF 1995, ch. 108, § 5.

Under any of these rationales, if an offender has *at least one sentence* whose standard sentence range will be greater than one year, the purpose of the provision will be served by treating the offender as eligible for the sentencing alternative.

An additional reason for rejecting the DOC's construction of subsection (1)(f) as disqualifying someone in Ms. Hardy's situation is that it leads to absurd results. If all three of her offenses had the same 17 to 22 month standard range as did her bail jumping charge, she would be eligible for a DOSA sentence. It makes no sense that she would be ineligible because two of her offenses (the drug offenses demonstrating her need for treatment) are considered less serious for purposes of arriving at the applicable sentencing range.

11

RCW 9.94A.660(1) leads with the concept of "offender" eligibility, which we find to be more revealing of legislative intent than the fact that subsections (1)(d) and (1)(f) speak of a single offense. "The DOSA program is an attempt to provide treatment for some offenders judged likely to benefit from it." *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). Read as a whole, offender-based eligibility, applying subsections (1)(d) and (1)(f) in the manner we identify as consistent with their purpose, is the sensible construction that effects legislative intent and avoids unjust and absurd consequences.

Ms. Hardy also points out that if, after applying rules of statutory construction, we found subsections (1)(d) and (1)(f) to create ambiguity, the rule of lenity would apply and require us to interpret the statute in her favor, absent legislative intent to the contrary. *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 462, 219 P.3d 686 (2009).

The petition is denied.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Fearing, J.

12